

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 3, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Mr. Calvert:

Opinion No. H- 293

Re: Various questions con-
cerning collection of
Motor Vehicle Sales
and Use Tax upon sale
of house trailer

Your opinion request presents several questions concerning the col-
lection of the Motor Vehicle Sales and Use Tax imposed by Article 6.01,
Taxation-General, V.T.C.S., upon every retail sale of a motor vehicle
occurring in Texas. In 1971 the definition of "motor vehicle," contained
in Article 6.03(c), was amended so as to include "house trailers as such
term is defined by the Certificate of Title Act." Acts 1971, 62nd Leg.,
p. 1197, ch. 292, Art. 2 §§ 3, 4. In the Certificate of Title Act, Article
6687-1, § 2a, V.T.C.S., the term "house trailer" is defined as follows:

"Sec. 2a. The term 'House Trailer' means a vehicle
without automotive power designed for human habitation
and for carrying persons and property upon its own
structure and for being drawn by a motor vehicle."

It is the sale of house trailers, now subject to the motor vehicle sales
tax by virtue of the 1971 amendment, with which you are concerned. You ad-
vise that house trailers are frequently sold by dealers without ever being
registered in the purchaser's name. The purchaser often resells the trailer
some years later to a third party who also fails to register it. So long as a
house trailer is kept stationary in a lot and never moved on the public high-
ways, the motor vehicle sales tax due by virtue of these transactions often
escapes collection. It is only when the owner of the trailer, desiring to use
it on the public highways, seeks to register it or obtain a one-trip permit for
it that the tax collector learns that the taxes due on these sales have never be
paid. With reference to this situation you ask the following questions:

1.   What authority does a county tax collector
have to require the parties to a sale of a house
trailer to file the joint affidavit required by Art.
6.05 and pay the sales tax imposed by Art. 6.01?

2.   Can the motor vehicle sales tax be col-
lected from an original retail purchaser of a house
trailer who has been assigned a manufacturer's
certificate of origin but who never seeks to register
the trailer with the tax collector?

3.   May special or one-trip permits be issued
for a house trailer which has not been properly regis-
tered?

Article 6.05, Taxation-General, V. T. C. S. , requires that parties to
the sale of a motor vehicle make and file with the tax collector a joint affi-
davit setting forth the total consideration paid.   Article 6.04, Taxation-
General, V. T. C. S. , defines the role to be played by the county tax collector
in collecting the motor vehicle sales tax as follows:

"The taxes on total consideration paid or to be
paid levied in this Chapter shall be collected by the
Assessor and Collector of Taxes of the county in which
any such motor vehicle is first registered or first trans-
ferred after such a sale; the Tax Collector shall refuse
to accept for registration or for transfer any motor
vehicle until the tax thereon is paid or he is furnished
with a resale certificate in accordance with Art.6.01(6)
of this Chapter. "

Thus, the county tax collector becomes involved in the collection of
the motor vehicle sales tax only when the purchaser of a vehicle presents
it for registration.   He is directed not to register a vehicle until the sales
tax has been paid.   But Article 6.04 gives the tax collector no authority to
take any action when the purchaser of a vehicle fails to present it for regis-
tration.   The only sanction available is to refuse registration until the sales

taxes have been paid.   If parties to the sale of a house trailer fail to present it for registration, in our opinion the tax collector has no authority to require them to file a joint affidavit or to collect the motor vehicle sales tax due on the transaction.

In your second question you ask whether the motor vehicle sales tax can be collected from the purchaser of a house trailer who never attempts to register the vehicle with the appropriate county tax collector.   Article 6.02, Taxation-General, V. T. C. S., provides that the Comptroller of Public Accounts shall have general supervision over the collection of the taxes imposed by Article 6.01.   Upon learning that a motor vehicle sales tax is owed but has not been paid, the Comptroller is authorized to take appropriate action to collect it.   His powers are broad and are set out in Articles 1.031, 1.032, 1.04, and 1.045, Taxation-General, V. T. C. S.

Your third question asks whether special or one-trip permits authorized by Articles 6701d-11 and 6701a, V. T. C. S., may be issued for a house trailer which has not been registered.   It is unlawful for anyone to transport a load or operate a vehicle of a size or weight exceeding certain specified limitations unless a special permit has first been obtained.   Special permits for county roads are issued by the commissioners courts through the county judges [Art. 6701d-11, § 2(b)], and special permits for state highways are issued by the State Highway Department (Art. 6701a, § 1).

But the acquisition of a special permit in order to move a house trailer on the public roads does not constitute registration of it.   Article 6675a-2(a), V. T. C. S., provides for the registration of motor vehicles and trailers including house trailers (see definition of "trailer" set out in Art. 6675a-1,V. T.C.S.) as follows:

> "(a) Every owner of a motor vehicle, trailer or semitrailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof. . . ."

This registration provision is independent of the special permit requirement.  All motor vehicles and trailers of whatever size must be registered before they can be used on the public highways.  A house trailer which has not been properly registered pursuant to Article 6675a-2(a) cannot lawfully be moved on the public highways and therefore is ineligible for a special permit.  Neither the State Highway Department, which is charged with administering the registration provisions, nor the commissioners courts should issue a special permit for an unregistered or improperly registered house trailer.  See, Art. 6701d-11, § 3(c),V.T.C.S.

There is, however, an exception to the registration requirements of Article 6675a-2(a).  It is possible to move an unregistered vehicle on the state's roads by obtaining a one-trip permit, provision for which is made by Article 6675a-6e, § 3, V.T.C.S., as follows:

> "Sec. 3.  To provide for the movement of any vehicle subject to license by the State of Texas which is not authorized to travel on the public roads of the State for lack of registration or for lack or reciprocity with the state or county in which it is registered, the Department is authorized to temporarily register such vehicle upon application of the owner thereof.  Such registration shall be for one (1) trip only between the points of origin and destination and such intermediate points as may be set forth in the application and registration receipt; and. . . such registration shall be for the transit of the vehicle only, and the vehicle shall not at the time of the transit be used for the transportation of any passenger or property whatsoever, for compensation or otherwise.  In no case shall such temporary registration be valid for a period longer than fifteen (15) days from the effective date of the registration. "

Issuance of a one-trip permit, then, does constitute temporary registration for the vehicle in question and permits it to be moved on the public highways even though it is not registered pursuant to Article 6675a-2.  A special permit could also be obtained for an unregistered vehicle for which a one-trip permit had been obtained.

One-trip permits enable an owner of a house trailer which is never used on the public roads and which consequently does not have to be registered each year to move the trailer from one location to another without registering it.   But the one-trip permit was never intended to enable the owner of a house trailer to avoid payment of the motor vehicle sales tax by failing to present the trailer for registration in his name.   Under Article 6675a-6e, §3, the State Highway Department is authorized to refuse the temporary registration a one-trip permit provides if the owner of the vehicle in question has been involved in operations which constitute an abuse of the privilege of temporary registration.   Thus, it is our opinion that the Highway Department should advise the tax collectors who issue such permits not to do so in the case of a house trailer which has never been registered in the owner's name and consequently has been purchased without payment of the sales tax imposed by Article 6.01.

## SUMMARY

Under Article 6.04, Taxation-General, V. T. C. S., the only sanction available to the county tax collector for a failure to pay the motor vehicle sales tax is to refuse registration.   The Comptroller of Public Accounts is authorized under Article 6.02 to establish and implement procedures for the collection of delinquent motor vehicle sales taxes when there has been no attempt at registration. A special permit should not be issued for a house trailer when the owner of it has not registered it pursuant to Article 6675a-2 nor obtained a one-trip permit for it.   A one-trip permit does constitute temporary registration but should not be issued to an owner of a house trailer who has not paid the sales tax imposed by Article 6.01.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee